UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-14389-CV-MIDDLEBROOKS/Maynard

DEBBIE ANN PETE,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of*
*Social Security*,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court on a Report and Recommendation issued by Magistrate Judge Shaniek Maynard ("Report") on February 8, 2023. (DE 24). Plaintiff filed her objections to the Report on February 21, 2024. (DE 25). Defendant did not file any response. The Report recommends affirming the final administrative decision, granting Defendant Kilolo Kijazi's ("Defendant") Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and entering Final Judgment in Defendant's favor. For the following reasons, I will adopt the majority of the Report and Recommendation.

A district court conducts a de novo review of "those portions of the report and recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The factual findings that are not objected to are reviewed for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Here, Plaintiff objects to Judge Maynard's acceptance of the Administrative Law Judge's ("ALJ") analysis at step three and four of the sequential process (DE 24 at 7–20) and Judge

Maynard's acceptance of the ALJ's failure to fully and fairly develop the record. (DE 24 at 20–24).

Plaintiff argues here, as she did before the Magistrate Judge, that the ALJ failed to adequately explain his step three conclusion. At step three, the ALJ concluded:

> The claimant's impairments do not equal or meet the criteria of 1.15, disorders of the skeletal spine resulting in compromise of a nerve root, or 1.16, lumbar spinal stenosis resulting in compromise of the cauda equina. Several records indicate that the claimant has normal and unassisted gait, and there is no indication that she is [sic] has significant limitation in fine or gross manipulation. The claimant's impairments also fail to equal or meet the criteria of 4.04, ischemic heart disease, because testing does not demonstrate the required severity. The claimant's migraines do not equal or meet the criteria of any of the neurological listings at 11.00ff.

(DE 12 at 8). The ALJ does not provide further elaboration before performing Step Four. Essentially, Plaintiff argues that the Magistrate Judge erred when she found that the ALJ implicitly considered Plaintiff's migraine headaches and the combined effects of all her impairments when he determined that Plaintiff's impairments are not medically equivalent to any of the statutory listings. *See* 20 C.F.R. Pt. 404, Subprt. P, App. 1.

The Commissioner's findings of fact are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g). Such evidence must be both relevant and of the type that a reasonable person would accept as adequate to support the conclusion. *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). In support of her argument that the ALJ failed to adequately explain his conclusion as to her headaches, Plaintiff cites to the Eleventh Circuit panel decision of *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986), which holds that an ALJ "must consider every impairment alleged and must consider the degree of impairment caused by the combination of physical and mental problems." Plaintiff claims that the Magistrate's reasoning, which relied on *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam), is in direct tension with the holding of the

*Gibson* panel. In *Wilson v. Barnhart*, the ALJ made the following general statement: "The medical evidence establishes that [plaintiff] had [several injuries] which constitute a 'severe impairment,' but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." The Eleventh Circuit held that this statement was itself evidence that the ALJ "considered the combined effects of [plaintiff's] impairments." *Wilson*, 284 F.3d at 1224; *see also Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) ("[I]t is not required that the Secretary mechanically recite the evidence leading to her determination. There may be an implied finding that a claimant does not meet a listing.").

I first note that Plaintiff did not address the tension between *Gibson* and *Wilson* in her briefing before the magistrate judge. (DE 18; DE 23). However, I will go ahead and consider the newly raised argument. *See Stephens v. Tolbert,* 471 F.3d 1173, 1176 (11th Cir. 2006) (holding that a district court acted within its broad discretion when it considered and accepted an argument that had not been presented to a magistrate judge). To the extent *Gibson* and *Wilson* are not in harmony, I am bound to "distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule." *Williams v. Aguirre*, 965 F.3d 1147, 1163 (11th Cir. 2020). To the extent that the panel decisions are truly irreconcilable, it is the duty of a court to "follow the earliest precedent that reached a binding decision on the issue." *Id.*

With regard to whether *Gibson* and its progeny are incompatible with *Wilson* and its progeny, I hold doubt as to Petitioner's argument. *Gibson* requires an ALJ actually make a specific finding as to each of the claimant's alleged impairments and combination of impairments *See also Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) ("[I]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.").

3

However, *Wilson* allows the reviewing Court to assume that the ALJ made the specific finding as to the effects of the individual impairments in combination without discussing his consideration of those effects, so long as he articulates that he considered them in combination. The difference is apparent when one looks at the facts of each case. In *Gibson*, the ALJ concluded at step three that the claimant's individual impairments or combination of impairments did not meet a medical listing, but the ALJ failed to make a specific finding as to each of the individual impairments that claimant had alleged. *See Gibson*, 779 U.S. at 623 (noting that ALJ did not even discuss plaintiff's claimed impairment of "psoriasis, nervousness, anxiety, dizziness, and forgetfulness."). In contrast, in *Wilson*, the ALJ determined that the claimant "did not have an impairment or combination of impairments. . . . medically equal to one listed." *Wilson*, 284 F.3d at 1224. The difference lies in the fact that in *Wilson*, the ALJ considered and discussed each of the plaintiff's claimed impairments before concluding that none alone or in combination equaled a listed medical impairment. An ALJ must pass the hurdle of justifying his or her determination as to the individual impairments before being entitled to the *Wilson* presumption that the ALJ adequately considered the effects of the combination of impairments when concluding that those effects do not equal a medical listing.

With that said, it is true that the ALJ in this case failed to adequately explain his *specific* finding that the Plaintiff's migraines do not equal or meet a neurological listing. In evaluating the ALJ's conclusions as to Plaintiff's migraines, it is axiomatic that an ALJ need not discuss every piece of evidence on the record to justify his determination. However, there must be *some* support as opposed to a bare-bones conclusion. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable

[the Court] to conclude that [the ALJ] considered her medical condition as a whole." (internal quotation marks omitted)). At step three, the ALJ offers no support whatsoever for his conclusion as to Plaintiff's migraines. Thus, he would not be entitled to the *Wilson* presumption that he fully considered the effects of the impairments in their totality when likewise concluding that Plaintiff does not have a "combination of impairments that meets or medically equals the severity of one of the listed impairments." (DE 12 at 18).

Nevertheless, I do not consider the ALJ's failure to support his step three finding as grounds for remand. The ALJ's failure to explicate his conclusions only necessitates a remand if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotations omitted). In other words, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Id.* at 935. For all the reasons stated by Judge Maynard in the latter part of her Report, I do not find that the ALJ's step three analysis constitutes reversible error, as the Magistrate found that substantial evidence demonstrates that her migraine headaches do not produce symptoms equivalent in severity to a neurological listing, and that the ALJ considered such evidence in step four of his analysis.

Therefore, to the extent that the Magistrate Judge does not consider *Gibson's* impact on her findings that the ALJ properly conducted a step three Analysis, I do not adopt the Report. However, I still find that the Magistrate reached the proper result in determining that substantial evidence from the record supported the ALJ's determination that Plaintiff did not have an impairment or combination of impairments that reached a medical listing.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report (DE 24) is **RATIFIED AND ADOPTED IN PART** to the extent that it finds substantial evidence supporting the ALJ's conclusion.

(2) Defendant's Motion for Summary Judgment (DE 19) is **GRANTED.**

(3) Plaintiff's Motion for Summary Judgment (DE 18) is **DENIED.**

(4) The final administrative decision is **AFFIRMED.**

(5) Final Judgment will be entered by separate order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 27th day of March, 2024.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record